*L. P. Little, John H. McHenry, for appellant.*
*Owen & Ellis, for appellee.*

---

S. H. Sandifer *v.* John H. Williams.

**Warranty—Eviction—Recovery.**

A grantee under a warranty can only recover where he has been evicted and not then beyond the amount paid by him to secure good title.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 20, 1876.

OPINION BY JUDGE COFER:

The cross-petition is fatally defective. The allegation that the appellee was compelled to repurchase from McCain is too vague and uncertain. It is not pretended that the appellee had been evicted by a paramount title, nor that he appellant had no title. One or the other was certainly necessary in order to show a right of action, even if the title was warranted by the appellant. But it is not alleged that he warranted the title, and unless he did so he is not liable, unless he had no title at all, which is not claimed.

The appellee took possession under the appellant, and even if the appellant warranted the title, the appellee, not having been evicted, could not recover beyond the amount paid for the repurchase of the lease. He does not state how much he paid McCain, nor, indeed, that he paid him anything, and unless he did he has no right to recover back any part of the purchase money paid to the appellee.

The facts stated did not warrant a judgment for the alleged failure to build a tobacco barn. The contract as stated was to build a tobacco barn, but it is not stated that any particular description of a barn was to be built, nor what it would have been worth to build such a barn as was contemplated by the parties. If the appellee has a right to recover at all, he is not entitled to what it cost him to build it, but to what it was reasonably worth.

Judgment *reversed,* and cause remanded, for further proceedings.

*L. P. Little, for appellant.    McFarland & Tharp, for appellee.*